UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN (DETROIT)

| | |
|---|---|
| IN RE: | HON. MARCI B. McIVOR |
| JOSEPH GATZA and MELISSA GATZA, | Case No. 19-40978-mbm |
| Debtors. | Chapter 7 |

William C. Babut (P41099)
William C. Babut PC
Attorneys for Debtors
700 Towner Street
Ypsilanti, MI 48198
(734) 485-7000
wbabut@babutlaw.com

Scott A. Chernich (P48893)
Patricia J. Scott (P73061)
FOSTER, SWIFT, COLLINS & SMITH, P.C.
Attorneys for Claimant University of Michigan Credit Union
313 South Washington Square
Lansing, MI 48933
(517) 371-8133
schernich@fosterswift.com

## CLAIMANT'S MOTION TO LIFT THE AUTOMATIC STAY REGARDING REAL PROPERTY LOCATED AT 3320 MOUNT HOPE ROAD, GRASS LAKE, MICHIGAN 49240, AND FOR ENTRY OF ORDER WAIVING THE PROVISIONS OF FRBP 4001(a)(3)

University of Michigan Credit Union ("Claimant"), by and through its attorneys, Foster Swift Collins & Smith, P.C., for its Motion to Lift the Automatic Stay pursuant to 11 U.S.C. §362(d)(1), 11 U.S.C. §362(d)(2), and FRBP 4001(a)(3), states as follows:

### BACKGROUND

1. On January 23, 2019, Debtors Joseph Gatza and Melissa Gatza ("Debtors") filed for relief under Chapter 7 of the Bankruptcy Code.

1

2. On April 12, 2007, Debtors applied for and obtained a Home Equity Loan in the amount of $53,426.51, promising to make monthly payments, and with a maturity date of June 8, 2032, using property located at 3320 Mount Hope Road, Grass Lake, Michigan 49240, as collateral. (Home Equity Loan, **Exhibit A**).

3. The Home Equity Loan is secured by a Mortgage on real property located in the Township of Grass Lake, County of Jackson, State of Michigan, commonly known as 3320 Mount Hope Road, Grass Lake, Michigan 49240, and more particularly described as:

> BEGINNING AT A POINT 1115 FEET SOUTH OF THE NORTHEAST CORNER OF THE WEST ½ OF THE SOUTHWEST ¼ OF SECTION 21, GRASS LAKE TOWNSHIP, TOWN 2 SOUTH, RANGE 2 EAST, THENCE WEST 447 FEET, THENCE SOUTH 165 FEET, THENCE EAST 447 FEET, THENCE NORTH 165 FEET TO THE POINT OF BEGINNING.

Tax Parcel Number: 000-10-21-301-007-00 ("Real Property").

4. Debtors gave a Mortgage on the Real Property to Claimant to secure the Home Equity Loan on May 26, 2017 ("Mortgage"), and the Mortgage was recorded with the Jackson County Register of Deeds, in Instrument No. 2776416, on August 17, 2017. (Mortgage, **Exhibit B**).

5. Claimant properly perfected its interest in the Real Property by recording its Mortgage on May 26, 2017.

6. On May 26, 2017, Debtors gave a prime advantage Note to Claimant in the amount of $53,426.51, promising to make monthly payments, and with a maturity date of June 8, 2032. (See Note, also at Exhibit A).

7. Claimant is informed and believes that Wells Fargo Home Mortgage has a first lien position in the Real Property.

8. Claimant is a secured creditor as to the Real Property.

2

9. As of February 13, 2019, the Debtors owe approximately $4,878.96 in arrearages on the Mortgage and Note and are five (5) months behind on payments due on the Mortgage and Note, with a total balance due and owing Claimant of $53,071.04.

10. In their Schedules, the Debtors indicated they wished to retain the Real Property and enter into a Reaffirmation Agreement. However, Debtors' counsel has been unable to confirm the Debtors' wishes, nor has Debtors' counsel requested Reaffirmation.

11. Also in their Schedules, the Debtors value the Real Property at $180,000.00 with a lien amount to Wells Fargo of $131,000.00 and a lien amount of $53,071.04 to Claimant, for total liens of $184,071.00. Therefore, there is no equity in the Real Property.

12. Given the delinquency on the Mortgage and Note, Claimant's interest in the Real Property is not adequately protected.

13. Claimant has contacted Debtors' attorney seeking concurrence for relief from stay as to the Real Property, but Claimant has not received a response from Debtors' counsel.

## LEGAL ARGUMENT

14. The Claimant now moves this Court to lift the automatic stay pursuant to 11 U.S.C. § 362(d)(1). Section 362(d)(1) provides that lift of the automatic stay is appropriate "for cause, including the ***lack of adequate protection*** of an interest in property of such party in interest." (emphasis added).

15. The decision of whether to lift the automatic stay lies within the sound discretion of the Bankruptcy Court. *Laguna Assocs, Ltd. Partnership v. Aetna, CAS & Sur Co.*, 30 F.3d 734, 737 (6th Cir. 1994).

16. In determining whether to exercise its discretion and lift the automatic stay, a bankruptcy court must consider the following factors: (1) judicial economy; (2) trial readiness;

3

(3) resolution of preliminary bankruptcy issues; (4) the creditor's chance of success on the merits; and (5) the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors. *Garzoni v. K-Mart Corp*, 35 Fed. Appx. 179, 181 (6th Cir. 2002) (citing *In re United Imports, Inc.*, 203 B.R. 162, 167 (Bank. D. Neb. 1996) (unpublished decision)).

17. The *Garzoni* factors weigh heavily in favor of granting relief from the automatic stay in this instance. Lifting the automatic stay would allow Claimant to foreclose its Mortgage on the Real Property and resolve preliminary bankruptcy issues. This is particularly true given the Debtors are five (5) months behind on payments, and owes approximately $4,878.96 in arrearages, with a total balance due and owing Claimant as of February 13, 2019, of approximately $53,071.04. Claimant's likelihood of proceeding successfully is great, and accordingly, the interests of judicial economy as well as the interests of the estate and its creditors would be well-served by lifting the automatic stay and allowing Claimant to proceed in this instance.

18. Moreover, a secured creditor is entitled to relief from the automatic stay if it is not adequately protected on the property securing its interest. *In re J & M Salupo Development Co., Inc.*, 388 B.R. 809, 812 (Bankr. N.D. Ohio 2008) (*citing* 11 U.S.C. § 362(d)(1)*; citing also United Sav. Asso. v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365; 108 S. Ct. 626; 98 L. Ed. 2d 740 (1988)).

19. Similarly here, Debtors have not made payments on the Note and Mortgage in over five (5) months.

20. Claimant is requesting that the stay be lifted for cause because Claimant's interest in the Real Property is not adequately protected. Accordingly, sufficient cause exists to Lift the Automatic Stay pursuant to § 362(d)(1).

21. Alternatively, relief from stay is also appropriate under 11 U.S.C. § 362(d)(2). Section 362(d)(2) provides relief from the automatic stay in regard to property as defined under subsection (a) if, "the Debtor does not have an equity in such property; and . . . such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2).

22. Here, the Debtors have little or no equity in the Real Property given the indebtedness due Claimant. The Debtor estimates the Real Property value at $180,000.00 in their Schedules. Currently, Debtors owes Claimant and other lienholders over $183,000.00. Additionally, the Real Property is not needed for an effective reorganization as the Debtors are in a Chapter 7. Because Debtors have no equity in the Real Property and because they are in a Chapter 7 versus a reorganization, this Honorable Court should also grant Claimant's Motion to Lift the Automatic Stay pursuant to 11 U.S.C. § 362(d)(2).

23. A copy of the proposed Order for Relief from the Automatic Stay is attached hereto as **Exhibit 1**.

WHEREFORE, Claimant, University of Michigan Credit Union, respectfully requests that the Court enter an order:

A. lifting the automatic stay pursuant to 11 U.S.C. § 362(d)(1) or (d)(2) to permit Claimant to foreclose the Real Property, and allowing Claimant to otherwise take all actions with respect to the Real Property that Claimant is entitled to take under applicable non-bankruptcy law;

B.  stating that the order is effective immediately upon entry by this Court, notwithstanding the provisions of FRBP 4001(a)(3); and

C.  granting such other and further relief as the Court deems just and equitable.

Respectfully submitted,

FOSTER, SWIFT, COLLINS & SMITH, P.C.
Attorneys for University of Michigan Credit Union

Dated: February 14, 2019

By: /s/ Scott A. Chernich
Scott A. Chernich (P48893)

313 South Washington Square
Lansing, MI 48933
(517) 371-8133
schernich@fosterswift.com

34862:00001:4074081-1