UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN (DETROIT)

| | |
|---|---|
| IN RE: | HON. MARCI B. McIVOR |
| JOSEPH GATZA and MELISSA GATZA, | Case No. 19-40978-mbm |
| Debtors. | Chapter 7 |

William C. Babut (P41099)
William C. Babut PC
Attorneys for Debtors
700 Towner Street
Ypsilanti, MI 48198
(734) 485-7000
wbabut@babutlaw.com

Scott A. Chernich (P48893)
Patricia J. Scott (P73061)
FOSTER, SWIFT, COLLINS & SMITH, P.C.
Attorneys for Claimant University of Michigan Credit Union
313 South Washington Square
Lansing, MI 48933
(517) 371-8133
schernich@fosterswift.com

**CLAIMANT'S MOTION TO LIFT THE AUTOMATIC STAY
REGARDING A 2009 FORD FLEX AND FOR ENTRY OF
ORDER WAIVING THE PROVISIONS OF FRBP 4001(a)(3)**

University of Michigan Credit Union ("Claimant"), by and through its attorneys, Foster Swift Collins & Smith, P.C., for its Motion to Lift the Automatic Stay pursuant to 11 U.S.C. §362(d)(1), 11 U.S.C. §362(d)(2), and FRBP 4001(a)(3), states as follows:

1. On November 18, 2011, Joseph Gatza and Melissa Gatza ("Debtors") entered into a Retail Installment Contract and Security Agreement ("Agreement") with Claimant for the purchase of a 2009 Ford Flex, VIN 2FMDK52C99BA94290 ("Vehicle"). A copy of the Agreement is attached as **Exhibit A**.

1

2. Claimant properly perfected its interest in the Vehicle by placing its name on the title. A copy of the title from the Michigan Secretary of State evidencing perfection is attached as **Exhibit B.**

3. To the best of Claimant's knowledge, no other party has an interest in the Vehicle.

4. On January 23, 2019, Debtors filed for relief under Chapter 7 of the Bankruptcy Code.

5. According to the Debtors' Schedules, the Vehicle was repossessed.

6. The Debtors' Schedules do not identify Claimant as having an interest in the Vehicle, nor do the Debtors list the Vehicle as an asset. The last payment on the Vehicle was June of 2018, and the present arrearage is $2,200.00.

7. Claimant has contacted Debtors' attorney seeking concurrence for relief from stay as to the Vehicle, but Claimant has not received a response from Debtors' counsel.

8. The Claimant now moves this Court to lift the automatic stay pursuant to 11 U.S.C. §362(d)(1).

9. The decision of whether to lift the automatic stay lies within the sound discretion of the Bankruptcy Court. *Laguna Assocs, Ltd. Partnership v. Aetna, CAS & Sur Co.*, 30 F3rd 734,737 (6th Cir. 1994).

10. In determining whether to exercise its discretion and lift the automatic stay, a bankruptcy court must consider the following factors: (1) judicial economy; (2) trial readiness; (3) resolution of preliminary bankruptcy issues; (4) the creditor's chance of success on the merits; and (5) the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors. *Garzoni v K-Mart Corp*, 35 Fed Appx. 179, 181 (6th Cir. 2002) (citing *In re United Imports, Inc.*, 203 B.R. 162, 167 (Bank. D. Neb. 1996)

2

19-40978-mbm    Doc 16    Filed 02/14/19    Entered 02/14/19 10:58:41    Page 2 of 4

(unpublished decision)). The Garzoni factors weigh heavily in favor of granting relief from the automatic stay in this instance. In this case, the Vehicle has been repossessed, the Debtors are more than six (6) months behind in payments and the Debtors do not list an interest in the Vehicle on their Schedules. The Claimant's likelihood of proceeding successfully is great, and accordingly, the interests of judicial economy as well as the interests of the estate and its creditors would be well-served by lifting the automatic stay and allowing the Claimant to proceed in this instance.

11. Alternatively, relief from stay is also appropriate under 11 U.S.C. § 362(d)(2). Section 362(d)(2) provides relief from the automatic stay in regard to property as defined under subsection (a) if, "the debtor does not have an equity in such property; and . . . such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2).

12. The Court should lift the automatic stay pursuant to 11 U.S.C. §362(d)(2). At the time the Debtor filed for bankruptcy relief, the Vehicle was repossessed by the Claimant. According to Kelly Blue Book, the Vehicle has an average fair market value of $5,086.00 as of this writing, and the Debtors owe Claimant $7,460.31. A copy of the Kelly Blue Book Value of the Vehicle is attached as **Exhibit C**. It naturally follows that the Debtors do not have any equity in the Vehicle, and the Vehicle is not necessary for an effective reorganization of the Debtors given the Debtors are in a Chapter 7. This Honorable Court should grant the Claimant's Motion to Lift the Automatic Stay pursuant to 11 U.S.C. §362(d)(2).

13. A copy of the proposed Order for Relief from the Automatic Stay is attached hereto as **Exhibit 1**.

WHEREFORE, Claimant, University of Michigan Credit Union, respectfully requests that the Court enter an order:

3

a. lifting the automatic stay pursuant to 11 U.S.C. §362(d)(1) or 11 U.S.C. §362(d)(2) to permit Claimant to recover the 2009 Ford Flex, and allowing Claimant to otherwise take all actions with respect to the 2009 Ford Flex that Claimant is entitled to take under applicable non-bankruptcy law;

b. stating that the order is effective immediately upon entry by this Court, notwithstanding the provisions of FRBP 4001(a)(3); and

c. granting such other and further relief as the Court deems just and equitable.

Respectfully submitted,

FOSTER, SWIFT, COLLINS & SMITH, P.C.
Attorneys for University of Michigan Credit Union

Dated: February 14, 2019

By: /s/ Scott A. Chernich
Scott A. Chernich (P48893)

313 S. Washington Square
Lansing, MI 48933
(517) 371-8133
SChernich@fosterswift.com

34862:00001:4074640-1